# EXHIBIT E

**DAVIS POLK & WARDWELL**

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

MARTINE M. BEAMON
212 450 4262
MARTINE.BEAMON@DPW.COM

February 7, 2008

Re:   *United States v. Melicharek, et al.*, S1 07 Cr. 907 (SAS)

Elie Honig, Esq.
Assistant United States Attorney
Southern District of New York
One St. Andrews Place
New York, NY 10007

Dear Elie:

As you know, we represent Dominick Memoli, a defendant in the above-referenced matter. This letter confirms our telephone conversation of February 5, 2008 in which you informed us that your office, the United States Attorney's Office for the Southern District of New York (the "Government"), will not seek to introduce at any trial in which Mr. Memoli is a defendant any evidence suppressed by Judge Rakoff in Mr. Memoli's previous federal prosecution, United States v. Memoli, No. 04 Cr. 140 (JSR).

In addition, as set forth below, by this letter we also request the provision of particulars regarding certain of the allegations in the indictment, pursuant to Fed. R. Crim. P. 7(f), as well as additional discovery pursuant to: (1) Fed. R. Crim. P. 12 and 16; (2) Brady v. Maryland, 373 U.S. 83 (1963), and its progeny (including Giglio v. United States, 405 U.S. 150 (1972), United States v. Agurs, 427 U.S. 97 (1976), United States v. Bagley, 473 U.S. 667 (1985), and Kyles v. Whitley, 514 U.S. 419 (1995)); and (3) the Fifth and Sixth Amendments to the United States Constitution. Given the lengthy delay of time since the events alleged – over four years – this discovery will assist Mr. Memoli materially in preparing a defense.

We request that you notify us in writing, specifically and promptly, of any materials or particulars that you do not intend to make available, so that we are able to file timely and appropriate motions to permit the Court to rule on any disagreements.

Elie Honig, Esq. 2 February 7, 2008

**Bill of Particulars**

To enable Mr. Memoli to prepare a defense and to avoid prejudicial surprise at trial, we request the following particulars at this time:[1]

1. Identify in what way interstate commerce was obstructed, delayed, or affected as alleged in paragraph seven.

2. Specify in what manner Mr. Memoli participated in the conspiracy alleged in paragraph seven.

3. Specify in what manner Mr. Memoli "used, carried, possessed and brandished a firearm, in relation to and in furtherance of [a crime of violence]" as alleged in paragraph eight.

4. Identify in what way interstate commerce was obstructed, delayed, or affected as alleged in paragraphs nine and ten.

5. Specify in what manner Mr. Memoli participated in the conspiracy alleged in paragraph nine.

6. Specify in what manner Mr. Memoli "used, carried, and possessed a firearm, in relation to and in furtherance of [a crime of violence]" as alleged in paragraph 11.

**Discovery Requests**

These requests include materials and information in the possession, custody, or control of local, state, and federal governmental departments, agencies, and law enforcement authorities, as well as third parties, that you have a right to obtain.

Mr. Memoli requests the following discovery items:

1. Please produce any additional recordings of Mr. Memoli, or confirm that no such recordings exist, including any written or recorded statement, confession, or admission, or the substance of any oral statements relating, directly or indirectly, to the charges in this case, made by Mr. Memoli. This also includes any blank tapes reflecting conversations that would have been recorded but for a malfunction of the recording device or other technical failure. Fed. R. Crim. P. 16(a)(1)(A) & (B).

---

[1] Because we received discovery materials as recently as last week, we are not yet in a position to identify fully which allegations in the indictment will require further particularization. References to the indictment, and to counts and paragraphs in the indictment, are to the superseding indictment filed on January 3, 2008 (Docket No. 44).

Elie Honig, Esq.                                             3                                      February 7, 2008

      (a)     This request includes, without limitation, any written or recorded statement, the substance of any oral statement, and any reports, memoranda, transcripts, or other documents or recordings into which such written, recorded, or oral statement was incorporated (or copies thereof), allegedly made by Mr. Memoli, including statements to any federal, state or local government agent, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government.

2. Please produce any statements to you or any other law enforcement authorities that are favorable to Mr. Memoli. Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

3. We are in receipt of a copy of an audio recording of a 911 call (and a draft transcript of that call) related to the counts in the indictment regarding an alleged home invasion in Morris County in September 2003. We have not received any documents with respect to a 911 call or any other call(s) to authorities related to the counts in the indictment regarding an alleged home invasion in Orange County in October 2003. (Indictment ¶¶ 9-11.) Please produce any additional recordings of 911 calls, or any calls to any local, state, or federal authorities, related to the alleged Morris County or Orange County home invasions. Brady v. Maryland, 373 U.S. 83 (1963); Fed. R. Crim. P. 16.

4. Please produce any materials regarding identification procedures or attempted identification procedures with respect to Mr. Memoli in connection with the crimes alleged in the indictment. Brady v. Maryland, 373 U.S. 83 (1963); Fed. R. Crim. P. 16.

5. Please produce all documents, or copies or portions thereof, which are within the possession, custody or control of the Government, that the Government intends to use at trial in its case in chief. Fed. R. Crim. P. 16(a)(1)(E)(ii).

6. Given the volume and quality of audio recordings in this case, we request that, sixty days prior to the trial date, the Government specifically identify from among the audio recordings produced any documents that will be introduced into evidence by the Government at trial, both to enable counsel to prepare effectively for trial and to afford us an opportunity to file appropriate motions. See United States v. Alvarado, 2001 U.S. Dist. LEXIS 21100, at *10-12 (S.D.N.Y. Dec. 17, 2001), aff'd, 84 Fed. Appx. 162 (2d Cir. 2003); United States v. Turkish, 458 F. Supp. 874, 882 (S.D.N.Y. 1978), aff'd, 623 F.2d 769 (2d Cir. 1980).

Elie Honig, Esq.                                4                             February 7, 2008

7. Please produce all results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof, and all documents referring or relating to such reports, that were conducted in connection with any investigation of the charges contained in the indictment, including, but not limited to, forensic analyses of any documents, physical, mental or polygraph examinations, handwriting analyses, finger-print comparisons, DNA testing, and electronic testing.

8. If the Government intends to call expert witnesses in this case, we request that the Government provide a list of the names of such persons. In the case of such expert witnesses, we request that the Government provide a written summary of testimony that it intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications. Fed. R. Crim. P. 16(a)(1)(G).

9. Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure and Rule 1006 of the Federal Rules of Evidence, please inform us whether the Government will seek to offer any chart, summary, or calculation in evidence and, if so, please make available for inspection and copying any such chart, summary, or calculation, as well as all writings, recordings, photographs, videotape recordings, or other information or which such charts, summaries, or calculations are based.

10. Pursuant to the provisions of Rule 104 of the Federal Rules of Evidence, Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, and the defendant's right to effective representation by counsel and a fair trial, we request that the Government disclose whether it intends to offer in its case in chief any of the following:

    (a)   Any statement made by Mr. Memoli, Fed. R. Evid. 801(d)(2)(A);

    (b)   Any written or recorded statement or the substance of any oral statement as to which Mr. Memoli manifests his adoption or belief in its truth, Fed. R. Evid. 801(d)(2)(B);

    (c)   Any written or recorded statement or the substance of any oral statement made by another individual or entity that was purportedly authorized by Mr. Memoli, or is deemed to be an admission by Mr. Memoli; Fed. R. Evid. 801(d)(2)(C); or

    (d)   Any written or recorded statement, or the substance of any oral statement, by a co-conspirator made during the course of or in furtherance of the conspiracies alleged in the indictment, Fed. R. Evid. 801(d)(2)(E).

Elie Honig, Esq.  5  February 7, 2008

11. Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including United States v. Agurs, 427 U.S. 97 (1976), and Giglio v. United States, 405 U. S. 150 (1972), as well as New York State Bar Association Code of Professional Responsibility DR 7-103(B) (see 28 U.S.C. § 530B), we request (i) disclosure of all exculpatory material in the Government's possession, custody, or control or otherwise known to the Government, and (ii) disclosure of all impeachment material in the Government's possession, custody or control or otherwise known to the Government at least sixty days prior to the trial date. These requests include, but not limited to:

(a) Any and all records and information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including, but not limited to, relevant "rap sheets" of each witness the Government intends to call at trial;

(b) Any and all records and information revealing misconduct, criminal acts or bad acts of any witness the Government intends to call at trial;

(c) Any and all considerations or promises of consideration given during the course of the investigation or prosecution of this matter by any law enforcement officials, including prosecutors, agents, police, or informers, to or on behalf of any witness the Government intends to call at trial, or any such consideration or promises requested by such witness, or any such consideration expected or hoped for by any such witness at any further time. Such "consideration" refers to anything that arguably could be of value or use to a witness or a witness' employer, including, but not limited to: (i) formal or informal, direct or indirect leniency, favorable treatment, or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative, or other matter involving the state or federal government, or any other matter involving the state or federal government, any other authority, or other parties; (ii) civil, criminal, or tax immunity grants to a witness; (iii) payments of money, rewards or fees, witness fees, and special witness fees; (iv) provisions of food, clothing, transportation, legal services, or other benefits; (v) letters to anyone informing the recipient of a witness' cooperation; (vi) recommendations concerning federal aid or benefits; (vii) promises to take affirmative action to help the status of a witness in a profession, business, or employment, or promises not to jeopardize such status; (viii) aid in efforts in securing or maintaining the business or employment of a witness; and (ix) anything else that arguably could reveal an interest, motive or bias of a witness in favor of the prosecution or against our

Elie Honig, Esq.                                6                           February 7, 2008

        client, or could act as an inducement to testify or to color the witness' testimony;

(d) Any and all statements – formal and informal, oral or written – by the prosecution, its agents and representatives to any person (including counsel for such persons) whom the prosecution intends to call as a witness at trial, pertaining in any way to the possibility, likelihood, course, or outcome of any government action – state or federal, civil or criminal – or immigration matters against the witness, or anyone related by blood or marriage to the witness;

(e) Any and all threats, express or implied, direct or indirect, or other coercion directed against any witness whom the Government intends to call at trial, or anyone related by blood or marriage to the witness, to induce testimony favorable to the government; criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against any such witness, or anyone related by blood or marriage to the witness; any probationary, parole or deferred prosecution status of any such witness, or anyone related by blood or marriage to the witness; and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions involving any such witness, or anyone related by blood or marriage to the witness, and the state or federal government, or over which the state or federal government has real, apparent, or perceived influence;

(f) A list of any and all requests or demands made to the Government by any witness whom the Government intends to call at trial that arguably could be developed on cross-examination to demonstrate any hope or expectation on the part of the witness for favorable governmental action on behalf of the witness (regardless of whether or not the Government has agreed to provide any favorable action);

(g) All documents and other evidence regarding drug and alcohol usage and/or dependency by any individual the Government intends to use as a witness at trial, including, but not limited to, records relating to treatment of such individual in any federal, state, territorial, city, or military drug or detoxification program;

(h) All documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any individual the Government intends to use as a witness at trial, or any member of the immediate family of any such witness, including but not limited to records of hospitalization or other

Elie Honig, Esq. 7 February 7, 2008

treatments of such physical or mental disease, disability, or disorder;

(i) Any material not otherwise listed that reflects or evidences the motivation of any witness to cooperate with the Government or that reflects or evidences the competency or credibility of the government's witness or the witness' bias or hostility against either of our respective clients;

(j) A list of all other judicial proceedings involving a criminal matter in which any person who is a potential prosecution witness in this action participated as a witness, was identified as an unindicted co-conspirator or an aider and abettor, or was charged as a defendant;

(k) Any statements or documents, including, but not limited to, grand jury testimony and federal, state, and local tax returns made or executed by any potential prosecution witness at the trial in this action that the prosecution knows, or through reasonable diligence should have reason to know, are false;

(l) The existence and identification of each occasion on which any witness, including any witness who is or was an informer, accomplice, co-conspirator, or expert, has testified before any court, or other tribunal or body, or otherwise has given an official narration, in relation to our client, the investigation, or the facts of this case;

(m) Any written or oral statements, whether or not reduced to writing, made by any potential prosecution witness, which in any way contradicts or is otherwise inconsistent with or different from other oral or written statements he or she has made or from his or her anticipated trial testimony;

(n) Any written or oral statements, whether or not reduced to writing, made to the prosecution, its agents, or representatives, by any individual, whether or not that individual is a witness, which in any way contradicts, or is otherwise inconsistent with or different from any statements made by a potential prosecution witness or the anticipated trial testimony of any potential prosecution witness;

(o) Any requests prepared by the prosecution for permission to grant immunity or leniency to any witness, whether or not such request was granted;

(p) Any statements read or given by the Government to the departments of pretrial services or probation in connection with

Elie Honig, Esq.                                8                                February 7, 2008

the prosecution or conviction of any prosecution witness or potential prosecution witness;

(q) Copies of all letters and/or memoranda written to the court in connection with the sentencing of any potential prosecution witness;

(r) Any and all other records and/or information that arguably could be helpful or useful to defense counsel in impeaching or otherwise detracting from the probative force of the prosecutor's evidence;

(s) The same records and information requested in items (a) through (r) with respect to each non-witness declarant whose statements may be offered in evidence;

(t) The names and addresses of all persons whom the prosecution, its agents, and its representatives, believe to have relevant exculpatory knowledge or information related to the charges contained in the indictment;

(u) Copies of all documents, statements, and any other evidence including, but not limited to, a written summary of all oral evidence and statements, now known to the Government or which may become known or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with the investigation, which are exculpatory in nature or favorable to our client or which may lead to material that is exculpatory in nature or favorable to our client, or which tends to negate or mitigate the guilt of our client, as to the offense charged, or which would tend to reduce the punishment therefore. Include the names, addresses, and telephone numbers of all persons who know or may know of any such favorable or exculpatory material or who may lead to persons or material that may be favorable or exculpatory; also include all written or recorded statements or the substance of oral statements by any person which are in any way conceivably inconsistent with the testimony or expected testimony any witness will give at trial and any other evidence which otherwise reflects upon the credibility, competency, bias, or motive of the Government's witnesses;

(v) Copies of any and all records of law enforcement or other governmental agencies reflecting intra-departmental disciplinary action taken against any law enforcement or agency official who will testify in this proceeding, including all

Elie Honig, Esq. 9 February 7, 2008

        such records from any governmental agency for which the witness previously worked; and

(w)    Copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards, or recognition of any kind received by, or requests for any commendations, awards, or recognition of any kind made by, any government agent or law enforcement officer for any work, action, or conduct undertaken in connection with the investigation and prosecution of this case.

    Each of these requests is of a continuing nature and calls for supplementation as soon as the Government discovers additional responsive evidence, information, or material. We also request that the Government preserve and maintain all relevant notes, reports, and recordings prepared by or for the Government or agents thereof, as well as any document, paper, tangible object, tape recording, or other potential item of evidence that is now or may hereafter come within the Government's possession, the production of which is requested in this letter.

    In addition, we are aware that counsel to John Melicharek and counsel to Louis Pipolo, other defendants in the above-referenced matter, have made requests for discovery and particulars (Mr. Melicharek's requests were made by letter dated January 8, 2008, Mr. Pipolo's by letters dated January 17, 2008 and January 24, 2008). By this letter, Mr. Memoli joins in these requests.[2]

    Please feel free to contact me should you wish to discuss these matters. Thank you for your consideration.

                            Sincerely yours,

                            Martine Beamon

cc:    Benjamin Gruenstein, Esq.
       Assistant Unites States Attorney

<u>By Electronic Mail & Overnight Courier</u>

---

[2] Thus, please read any requests regarding Mssrs. Melicharek or Pipolo as requests regarding Mr. Memoli.