UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

- against -

JOHN MELICHAREK,
a/k/a "Rocky,"
MICHAEL IUNI,
DOMINICK MEMOLI,
a/k/a "Shakes,"
ANGELO NICOSIA,
LOUIS PIPOLO,
DARDIAN CELAJ,
a/k/a "Danny,"
ENED GJELAJ,
a/k/a "Neddy,"
GJELOSH KRASNIQI,
a/k/a "Jimmy,"
Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

S1 07 Cr. 907 (SAS)

ORAL ARGUMENT REQUESTED

**REPLY IN FURTHER SUPPORT OF**
**MOTION BY DEFENDANT DOMINICK MEMOLI**

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 2

I. The Home Invasion Counts or Mr. Memoli Should Be Severed Under Rule 8(b) ........ 2

II. Severance Should Also Be Granted Pursuant to Rule 14 ........ 6

III. The Government Should Be Required to Provide Particularity with Respect to Certain Allegations ........ 8

CONCLUSION ........ 10

## TABLE OF AUTHORITIES

PAGE

### Cases

Kotteakos v. United States, 328 U.S. 750 (1946) ..... 4

United States v. Andrews, 381 F.2d 377 (2d Cir. 1967) ..... 9

United States v. Attanasio, 870 F.2d 809 (2d Cir. 1988) ..... 2

United States v. Bortnovsky, 820 F.2d 572 (2d Cir. 1987) ..... 8, 10

United States v. Butler, No. S1 04 Cr. 340 (GEL), 2004 U.S. Dist. LEXIS 21782 (S.D.N.Y. Oct. 7, 2004) ..... 6

United States v. Capra, 501 F.2d 267 (2d Cir. 1974) ..... 8

United States v. Carroll, 510 F.2d 507 (2d Cir. 1975) ..... 9

United States v. Carrozza 728 F. Supp. 266 (S.D.N.Y. 1990), aff'd, 956 F.2d 1160 (2d Cir. 1992) ..... 5

United States v. Cervone, 907 F.2d 332 (2d Cir. 1990) ..... 4

United States v. DiNome, 954 F.2d 839 (2d Cir. 1992) ..... 4

United States v. Duran, No. S 83 Crim. 620 (WCC), 1984 U.S. Dist. LEXIS 19226 (S.D.N.Y. Feb. 23, 1984) ..... 3

United States v. Feyrer, 333 F.3d 110 (2d Cir. 2003). ..... 2, 3

United States v. Galietti, No. 3:06 Cr. 161 (EBB), 2007 WL 3231694 (D. Conn. Oct. 31, 2007) ..... 3

United States v. Gallo, 668 F. Supp. 736 (E.D.N.Y. 1987) ..... 3, 8, 9

United States v. Gallo, No. 98 Cr. 338 (JGK), 1999 WL 9848 (S.D.N.Y. Jan. 11, 1999) ..... 3

United States v. Garcia, 848 F.2d 1324 (2d Cir. 1988) ..... 4

United States v. Giraldo, 859 F. Supp. 52 (E.D.N.Y.1994), aff'd, 80 F.3d 667 (2d Cir. 1996) ..... 4

United States v. Gruttadauria, 439 F. Supp. 2d 240 (E.D.N.Y. 2006) ..... 3, 4

United States v. Henry, 861 F. Supp. 1190 (S.D.N.Y. 1994) ........................................................ 9

United States v. Jimenez, 824 F. Supp. 351 (S.D.N.Y. 1993) .................................................... 10

United States v. Locascio, 357 F.Supp.2d 536 (E.D.N.Y. 2004).................................................. 7

United States v. Lech, 161 F.R.D. 255 (S.D.N.Y. 1995) ............................................................. 5

United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977) ...................................................... 9

United States v. Menashe, 741 F. Supp. 1135 (S.D.N.Y. 1990) .................................................. 5

United States v. Moon, No. 88 Cr. 64, 1988 WL 88056 (N.D.N.Y. Aug. 23, 1988)...................... 3

United States v. Moten, 564 F.2d 620 (2d Cir. 1977) .................................................................. 6

United States v. Nachamie, 91 F. Supp. 2d 565 (S.D.N.Y. 2000) ............................................. 10

United States v. Shellef, 504 F.3d 82 (2d Cir. 2007) .................................................................. 2

United States v. Tellier, 83 F.3d 578 (2d Cir. 1996) .................................................................. 4

United States v. Torres, 901 F.2d 205 (2d Cir. 1990) .................................................................. 9

United States v. Wilson, 493 F. Supp. 2d 364 (S.D.N.Y. 2006) ................................................. 10

United States v. Yian, No. 94 Cr. 719 (DLC), 1995 WL 368445 (S.D.N.Y. June 21, 1995)......... 3

United States v. Zafiro, 506 U.S. 534 (1993)........................................................................... 3, 6

**Statutes and Rules**

Fed. R. Crim. P. 14 ............................................................................................ passim

Fed. R. Crim. P. 7(f) .......................................................................................... 8, 9

Fed. R. Crim. P. 8(b) ........................................................................................ passim

Defendant Dominick Memoli respectfully submits this Reply Memorandum of Law in further support of his pretrial motion ("Motion").[1]

**PRELIMINARY STATEMENT**

The core argument in Mr. Memoli's opening brief is that the Home Invasion Counts naming Mr. Memoli should be severed from the remaining four counts in the Superseding Indictment, which do not name Mr. Memoli and allegedly occurred after he was incarcerated. The primary basis for this requested relief is that the Home Invasion Counts and the remainder of the Superseding Indictment are not part of a common plan or scheme, and joinder is thus improper under Rule 8(b). The Government responds by arguing that all of the counts in the Superseding Indictment were "moneymaking endeavors" of an organized crime family. Government Opposition ("Opp.") at 8. This is simply insufficient under the relevant legal standard.

Even taking at face value the Government's assertion that the Home Invasion Counts and the remaining counts all relate to organized crime, the vast majority of the evidence relating to the remaining counts – extortion, robbery of a business, and transportation of stolen property, all during 2004 and 2005 – would be inadmissible in a trial of the Home Invasion Counts. This inadmissibility demonstrates that the charged crimes are not part of a common plan or scheme as required by Rule 8(b); moreover, the proof with respect to these remaining charges would inappropriately prejudice Mr. Memoli in violation of Rule 14.

[1] Unless otherwise defined, each capitalized term shall have the meaning ascribed to it in the Motion and memorandum of law in support of the Motion ("Memo of Law"). Citations to the "Beamon Decl." are to the Declaration of Martine M. Beamon filed in support of the Motion.

Mr. Memoli's opening brief also set forth six tailored requests for particularity because the lack of specificity in the Superseding Indictment prevents him from preparing his defense. The Government did not actually respond to these reasonable requests, but purported to list "specific facts" pertaining to the counts naming Mr. Memoli. See Opp. at 21. These paltry facts are insufficient, and Mr. Memoli respectfully requests that the Court order the Government to particularize its allegations in accordance with his requests.[2]

## ARGUMENT

### I. The Home Invasion Counts or Mr. Memoli Should Be Severed Under Rule 8(b)

The law is clear that, under Rule 8(b), defendants or offenses may only be joined if they have a substantial identity of facts or participants or are part of a common plan or scheme. United States v. Attanasio, 870 F.2d 809, 815 (2d Cir. 1989); United States v. Shellef, 507 F.3d 82 (2d Cir. 2007). In its opposition, the Government confusingly conflates the standards under Rules 8(b) and 14. For example, every case cited by the Government for the proposition that a defendant bears an "extremely difficult burden" of demonstrating "substantial" prejudice to defeat joinder was decided under Rule 14, not Rule 8(b). Opp. at 5-7. Indeed, prejudice is not even a factor under Rule 8(b); the test is simply whether the offenses constitute a series of acts or transactions. United States v. Feyrer, 333 F.3d 110, 113 (2d Cir. 2003) ("Unless the standards set out in Rule 8(b) are met, a motion for severance should be granted even absent a showing of prejudice.").[3]

---

[2] The Motion also sought an Order requiring the Government to identify the audio evidence it intends to introduce at trial by June 6, 2008. The Government has agreed to comply with this request, Opp. at 26, so it is not addressed herein.

[3] Similarly, the Government imprecisely asserts that "[s]everance decisions rest in the District Court's discretion." Opp. at 7. But once again, the cited case relates to Rule 14, and

The Government has failed to meet its burden. According to the Government, the only threads connecting the Home Invasion Counts to the remaining counts are: (1) all crimes alleged were moneymaking activities related, in one way or another, to the Genovese crime family; (2) one defendant (Melicharek) is charged in all counts; and (3) several of the defendants and their alleged co-conspirators "knew one another by virtue of being associates of the Genovese Family, in [Angelo] Prisco's crew." Opp. at 8. These allegations are insufficient under Rule 8(b).[4]

With respect to the first alleged link, the Government argues that "the robberies, like the other charged crimes, were conducted as ongoing moneymaking endeavors of the Genovese Family." Opp. at 8. However, in United States v. Gruttadauria, 439 F. Supp. 2d 240, 252 (E.D.N.Y. 2006), the court held that multiple money-generating crimes directed by a Genovese crime family associate (Gruttadauria) were improperly joined under Rule 8(b). That indictment joined charges against Gruttadauria relating to an illegal gambling conspiracy with charges

---

holds that balancing the risk of prejudice under Rule 14 is left to the "sound discretion of the district courts." United States v. Zafiro, 506 U.S. 534 , 541 (1993). Under Rule 8(b), "[t]he court has no discretion on the question of severance" if there has been misjoinder. United States v. Duran, No. S 83 Crim. 620 (WCC), 1984 U.S. Dist. LEXIS 19226, at *3 (S.D.N.Y. Feb. 23, 1984). See also Feyrer, 333 F.3d at 113 (if the Rule 8(b) standard is not met, severance should be granted).

[4] The first and third alleged links are not even referenced in the Superseding Indictment. Several courts in this Circuit have held that the Government may rely only upon its indictment to defend joinder under Rule 8(b). See United States v. Gallo, No. 98 Cr. 338 (JGK), 1999 U.S. Dist. LEXIS 103, at *8 (S.D.N.Y. Jan. 11, 1999) (propriety of joinder should be determined from the face of the indictment). See also United States v. Galietti, No. 3:06 Cr. 161 (EBB), 2007 U.S. Dist. LEXIS 80492, at *6 (D. Conn. Oct. 31, 2007) (same) (citing United States v. Gallo, 668 F. Supp. 736, 748 (E.D.N.Y. 1987)); United States v. Moon, No. 88 Cr. 64, 1988 U.S. Dist. LEXIS 9306, at *7 (N.D.N.Y. Aug. 22, 1988) (same). But see United States v. Yian, No. 94 Cr. 719 (DLC), 1995 U.S. Dist. LEXIS 8560, at *29 (S.D.N.Y. June 21, 1995) ("the basis for joinder is stronger if the relationship among the offenses is clear from the . . . indictment," but it need not appear in the indictment). The Superseding Indictment is wholly devoid of allegations that the Home Invasion Counts form a series of acts or transactions with the remaining counts, further undermining the Government's arguments under Rule 8(b).

against Gruttadauria and two other defendants relating to a money laundering conspiracy. Id. at 243. The court severed the money laundering counts from the rest of the indictment, holding that the indictment charged "separate – albeit similar – conspiracies" with only one common defendant, and that the conspiracies did not arise out of a common plan or scheme because they were "wholly separate and distinct scheme[s]" involving different participants. Id. at 252.

Moreover, even if the proceeds of all of the crimes alleged in the Superseding Indictment went to the same entity (the Genovese crime family), as the Government alleges, multiple alleged crimes cannot be joined simply because the same party received the proceeds. See Kotteakos v. United States, 328 U.S. 750, 755 (1946) ("Thieves who dispose of their loot to…a single 'fence'…do not by that fact alone become confederates: they may, but it takes more than knowledge that he is a 'fence' to make them such."); Gruttadauria, 439 F. Supp. 2d at 251-52.[5]

As to the second alleged link – defendant Melicharek – it is well settled that a single common participant is not sufficient to demonstrate a substantial identity of facts or participants as required by Rule 8(b). See United States v. Giraldo, 859 F. Supp. 52, 55 (E.D.N.Y.1994) ("[D]efendants charged with two separate – albeit similar – conspiracies having one common

[5] The Government cites United States v. Garcia, 848 F.2d 1324 (2d Cir. 1988), and United States v. Cervone, 907 F.2d 332 (2d Cir. 1990), in support of the proposition that "[i]f it is proper to try non-RICO defendants together with RICO defendants, then, *a fortiori*, it is proper to try defendants charged with mob-related robbery along with defendants charged with mob-related extortion and a mob-related stolen property scheme." Opp. at 10. However, the Government omits that in both Garcia and Cervone the defendants at issue were charged with crimes constituting RICO predicate acts. Garcia, 848 F.2d at 1333; Cervone, 907 F.2d at 341. In such situations – where there is a single overarching conspiracy (pursuant to RICO or otherwise) – joinder may be proper. See Garcia, 848 F.2d at 1333. Conversely, this proposition does not apply where defendants are charged with crimes that do not constitute RICO predicate acts, and were not part of an overarching conspiracy. See United States v. DiNome, 954 F.2d 839 (2d Cir. 1992); United States v. Tellier, 83 F.3d 578 (2d Cir. 1996). Similarly, because the Government has not charged an overarching conspiracy here, its reliance on Garcia and Cervone is inapposite.

participant are not, without more, properly joined."), aff'd in relevant part, 80 F.3d 667 (2d Cir. 1996); United States v. Carrozza 728 F. Supp. 266 (S.D.N.Y. 1990) ("Joinder is not permitted when, as here, the connection between different groups is limited to a few individuals common to each but those individuals commit separate acts which involve them in separate offenses with no common aim.") (citation omitted), aff'd, 956 F.2d 1160 (2d Cir. 1992).

The Government's final alleged link is that several defendants and co-conspirators "knew one another by virtue of being associates of the Genovese Family, in [Angelo] Prisco's crew." Opp. at 8. As an initial matter, neither Rule 8(b) nor the relevant case law provide that defendants who "knew one another" may be joined in the same indictment. To the contrary, this is patently insufficient, and courts in this district have required more – participation in a common plan or scheme. See, e.g., United States v. Lech, 161 F.R.D. 255, 257 (S.D.N.Y. 1995) (severing defendant who "had no involvement in the other schemes charged, and at most … had cursory knowledge of the other criminal activities" by the other defendants); United States v. Menashe, 741 F. Supp. 1135, 1138-39 (S.D.N.Y. 1990) (severing count naming one of three defendants where there was no allegation or proof that the other two defendants "were aware of or joined in" the first defendant's plan). In any event, the alleged connection among the defendants here does not apply to Mr. Memoli because he is not alleged to be an associate of the Genovese crime family. In fact, the Government disavows that Mr. Memoli had any such affiliation,[6] and the Government does not allege that any of the defendants in the Home Invasion Counts other than defendant Melicharek are members or associates of the Genovese crime family.

[6] As noted in Mr. Memoli's Motion, although the original Indictment alleged that Mr. Memoli was "an associate of the Genovese crime family," see Exhibit A to Beamon Decl. (Indictment ¶ 7), that allegation has been removed from the Superseding Indictment.

In sum, the three justifications asserted by the Government to join the disparate charges in the Superseding Indictment are insufficient. The Government has failed to show that the charged crimes either have a substantial identity of facts or participants or arise out of a common plan or scheme, and thus there has been misjoinder under Rule 8(b).[7]

## II. Severance Should Also Be Granted Pursuant to Rule 14

Alternatively, the Court should exercise its discretion to grant severance of the Home Invasion Counts from the remaining counts under Rule 14. Based on the allegations in the Superseding Indictment, the discovery, the Government's statements in court, and the Government's opposition, there is a serious risk that a joint trial would prejudice Mr. Memoli by preventing a jury from making a reliable judgment about guilt or innocence. See Fed. R. Crim. P. 14; Zafiro, 506 U.S. at 539; United States v. Moten, 564 F.2d 620, 627 (2d Cir. 1977) (the relevant inquiry is whether a jury would be "reasonably able" to consider the evidence as to each defendant separately and independently). The Government has not refuted this argument.

---

[7] The Morris County Home Invasion Counts and Orange County Home Invasion Counts should also be severed from one another pursuant to Rule 8(b). Although there is substantial identity of participants in these counts, the Government has not demonstrated a substantial identity of facts or that they were part of a common plan or scheme for the same reasons set forth above. The Government argues that the robberies occurred less than one month apart and that "much of the same proof – including testimony from the same cooperating witnesses, and the same audio recordings – will be introduced with respect to both robberies." Opp. at 14. However, the proximity of two crimes does not necessarily make them part of a common plan or scheme. See United States v. Butler, No. S1 04 Cr. 340 (GEL), 2004 U.S. Dist. LEXIS 21782, at *7-8 (S.D.N.Y. Oct. 7, 2004) ("Whether various acts constitute parts of the same transaction or a series within the meaning of [Rule 8(b)] depends not upon the immediateness of their connection as upon their logical relationship.") (citations omitted). Moreover, even if some of the same witnesses would testify about both home invasions, possessing information about multiple alleged crimes does not mean that the same proof would be introduced for each. Here, the Government concedes that the alleged crimes involved different victims, residences, locations, and businesses, Opp. at 20, which necessarily requires different proof with respect to each.

Mr. Memoli's core argument under Rule 14 is that the Government would not be permitted to introduce certain highly prejudicial evidence in a separate trial of the Home Invasion Counts. First, Mr. Memoli maintains that organized crime evidence would not be admissible in such a trial. The Government responds that organized crime evidence would be admissible as background on all counts because all of the counts are related to organized crime. However, the proffered relationship between the Home Invasion Counts and organized crime is attenuated at best, particularly as neither Mr. Memoli nor any of the defendants in the Home Invasion Counts other than defendant Melicharek are alleged to be organized crime associates. Therefore, Mr. Memoli would move to exclude such evidence in a separate trial due to its highly prejudicial effect. See United States v. Locascio, 357 F.Supp.2d 536, 545 (E.D.N.Y. 2004) (in granting severance, the court reasoned that "[t]he evidence as to organized crime, if admissible at all [in a separate trial], would be extremely limited in scope and purpose and would not generate the level of prejudice that would result from a joint trial").

In any event, even if some organized crime evidence is admissible, inflammatory and irrelevant evidence regarding the alleged extortion, business robbery, and transportation of stolen property would unduly prejudice Mr. Memoli. See, e.g., Exhibit D to Beamon Decl. (Dec. 12 Tr., at 9) ("Mr. Melicharek and others essentially did an old-fashioned shakedown, $50,000 from a contractor, including threats of violence, threats of physical harm, threats of we-know-where-you-live, we-know-who-your-family-is."); Exhibit C to Beamon Decl. (Oct. 23 Tr., at 25) ("They made threats towards this business owner, threats including, 'Should I stab him? Can I punch

him? We know where you live.' In addition, Mr. Melicharek … crushed [a pumpkin] to demonstrate a threat, and discussion of that is on tapes.").[8]

**III. The Government Should Be Required to Provide Particularity with Respect to Certain Allegations**

Mr. Memoli also moved for an Order directing the Government to provide particularity regarding six targeted items.[9] Rule 7(f) permits a defendant to seek a bill of particulars "in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [the] defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).

Rather than address the specific requests by Mr. Memoli under the Rule 7(f) standard, the Government lumps them in with "a boilerplate, 110-part request" by defendant Melicharek, Opp. at 16-21, and provides the following bare-bones facts: (1) the month of each home invasion

---

[8] In addition, a joint trial would result in "spillover prejudice" against Mr. Memoli. See Gallo, 668 F. Supp. at 750 (quoting United States v. Capra, 501 F.2d 267, 281 (2d Cir. 1974)). Mischaracterizing Mr. Memoli's argument, the Government responds that the prejudicial spillover argument "rests on a serious underestimation of the evidence against [Mr. Memoli]," and argues that there will be testimony from the same cooperating witnesses and victims, the same crime-scene evidence, and the same audio recordings. Opp. at 14-15. Though some of the sources of proof against Mr. Memoli and his co-defendants may be the same, the nature and quantity of evidence against Mr. Memoli would be significantly different absent severance. For example, defendant Melicharek is named in four other counts of the Superseding Indictment, and the Government will offer substantial evidence with respect to each of those counts, including organized crime evidence. See Ex. B to Beamon Decl. (Superseding Indictment).

[9] The particulars requested can be summarized as follows: (1) identify in what way interstate commerce was obstructed, delayed, or affected as alleged in paragraphs seven, nine, and ten; (2) specify in what manner Mr. Memoli participated in the conspiracies alleged in paragraphs seven and nine; and (3) specify in what manner Mr. Memoli used, carried, and possessed a firearm, in relation to and in furtherance of a crime of violence as alleged in paragraphs eight and eleven and brandished a firearm as alleged in paragraph eight.

conspiracy; (2) the date and location of each home invasion; (3) that a firearm was possessed on that date; and (4) the name of each victim and their business. See Opp. at 20. This disclosure does not satisfy the requirements of Rule 7(f), and none of the cases cited by the Government – cases denying overly broad requests for particularity with respect to the minutiae of the Government's case – are not to the contrary. See, e.g., United States v. Torres, 901 F.2d 205, 233-34 (2d Cir. 1990) (sought "the precise time of day" defendant was alleged to have arrived at a crime scene); United States v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994) (sought "all acts in which [defendant was] alleged to have participated"); United States v. Andrews, 381 F.2d 377, 377-78 (2d Cir. 1967) (sought "the precise manner in which the crime charged in the indictment" was committed); United States v. Leonelli, 428 F. Supp. 880, 882 (S.D.N.Y. 1977) (sought to "discover the minutia of the Government's case"); United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975) (sought "all overt acts in furtherance of the conspiracy").

Unlike those defendants, Mr. Memoli's particularity requests are not "an ill disguised attempt[] at general pre-trial discovery," but rather requests for "information about the details of the charge" that are "necessary to the preparation of [the] defense, and to avoid prejudicial surprise at the trial." Torres, 901 F.2d at 234. Mr. Memoli is not asking the Government to specify all acts in which he is alleged to have participated, or the exact manner in which these acts were carried out. Rather, he requests information essential to preparing a defense.

For example, although Mr. Memoli is charged with possession of a firearm in connection with the Orange County home invasion, the discovery provided by the Government contains no reference to the use of a weapon. Mr. Memoli has thus requested particularity as to the manner in which he "used, carried, and possessed" a firearm as alleged in the Superseding Indictment.

As to the Morris County robbery, the Government asserts that "the police found four of the guns that had been stolen from the victim's home . . . under Memoli's bed." Opp. at 15. This raises a similar issue: whether the Government is alleging that Mr. Memoli possessed a gun at the time of the alleged robbery, or only received stolen guns sometime thereafter. Similarly, neither the discovery nor the Government's brief shed any light on the manner in which Mr. Memoli is alleged to have participated in the charged conspiracies. Nor does the discovery reveal how, if at all, the alleged home invasions affected interstate commerce. Particularly, the original Indictment alleged that the home invasions involved the proceeds of a business that engaged in interstate and international commerce, Exhibit A to Beamon Decl. (Indictment ¶¶ 8, 10, 14), but the Government deleted such references from the Superseding Indictment. Exhibit B to Beamon Decl. (Superseding Indictment ¶¶ 7, 9-10).[10]

## CONCLUSION

For the reasons set forth above, and in the Motion and Memo of Law dated February 15, 2008, Mr. Memoli respectfully requests that his motion be granted in its entirety.

[10] Given this utter lack of particularity, the Government's reliance upon United States v. Jimenez, 824 F. Supp. 351 (S.D.N.Y. 1993), is completely misplaced. In that case, the Court denied defendants' request for a bill of particulars because the "rather detailed" indictment set out 24 overt acts in furtherance of the alleged conspiracy and contained "allegations as to the roles of the defendants in the conspiracy, locations used by the conspiracy, and the nature of the conspiracy charged." Id. at 363-64. The Superseding Indictment, by contrast, is akin to the indictment in United States v. Nachamie, where defendant's request for a bill of particulars was granted. 91 F. Supp. 2d 565, 571 (S.D.N.Y. 2000) (Scheindlin, J.) (conspiracy count alleging "that defendant had attended two meetings in 1997, one in Newark, New Jersey and one in Queens, New York," insufficient to defeat motion for bill of particulars); see also United States v. Wilson, 493 F. Supp. 2d 364, 374-75 (E.D.N.Y. 2006) (Government ordered to provide particularity regarding defendant's role in the alleged conspiracy); Bortnovsky, 820 F.2d at 574-75 (reversing convictions because of prejudicial effect of failure to grant a bill of particulars).

Dated: March 19, 2008
New York, New York

By: /s/ Martine M. Beamon

Martine M. Beamon (MB 1687)
Jared R. Winnick (JW 1229)
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Fax: (212) 450-3800

Counsel for Defendant
Dominick Memoli